## APPEAL OF J. P. BELL CO., INC.

Docket No. 4566.   Submitted September 21, 1925.   Decided December 31, 1925.

> The Commissioner has five years from the date of filing a delinquent return due under the Revenue Act of 1918 within which to assess the tax.

*L. C. Mitchell, Esq.*, for the Commissioner.

Before STERNHAGEN and ARUNDELL.

This is an appeal from the determination of a deficiency for the fiscal years ended June 30, 1919, and 1921, in the amount of $564.95. The errors alleged are the proposal of the Commissioner to assess a tax for the fiscal year ended June 30, 1919, more than five years after the return was due, and his failure to deduct $140.53 interest on United States obligations before computing the income tax for the fiscal year ended June 30, 1921.

### FINDINGS OF FACT.

The taxpayer is a Virginia corporation, with its principal office at Lynchburg.

The corporation income and profits-tax return of the taxpayer for the fiscal period begun July 1, 1918, and ended June 30, 1919, was filed with the collector of internal revenue at Richmond, Va., on October 20, 1920. The Commissioner, under date of April 2, 1925, mailed to the taxpayer the 60-day deficiency letter from which the appeal herein has been taken.

Interest received on United States obligations in the amount of $140.53 was included in the gross income of the taxpayer for the fiscal year ended June 30, 1921, and resulted in an overstatement of tax for that year in the amount of $14.05.

### DECISION.

The deficiency is $550.90.

### OPINION.

ARUNDELL: Section 227 (a) of the Revenue Act of 1918 provides that "returns shall be made on or before the fifteenth day of the third month following the close of the fiscal year," which, in the instant case, would fix the due date of the return as September 15, 1919, the fiscal year of the taxpayer having ended on June 30, 1919. Section 277 (a) (2) of the Revenue Act of 1924 provides that the "income, excess-profits, and war-profits taxes imposed by * * * the Revenue Act of 1918, and by * * * such Act as amended,

shall be assessed within five years after the return was filed." From the foregoing it is clear that it is the date of filing the return and not the date that the return was due that determines the period within which the tax may be assessed by the Commissioner. The return of this taxpayer for the fiscal year ended June 30, 1919, was not filed until October 20, 1920, and it is from that date that the period of assessment runs. In this connection it is significant that section 278 (a) of the Revenue Act of 1924 provides that, upon failure to file a return, the tax may be assessed, or a proceeding in court for the collection of such tax may be begun without assessment at any time. Thus, if the taxpayer had not filed his return at all, the tax could be assessed at any time—having filed his return after it became delinquent, the date of filing fixes the period within which the assessment may be made.

The Commissioner in his answer admits that for the fiscal year ended June 30, 1921, there was improperly included in income interest from United States obligations in the amount of $140.53, resulting in an overstatement of the tax in the amount of $14.05.